FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

2015 DEC -3  PM 3: 26

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

**LUKE SHANE LEDFORD #92263,**
                    **Plaintiff,**

-vs-                                              **Case No.  A-15-CA-924-SS**

**HAYS CTY JAIL,**
                    **Defendant.**

_____

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically pro se Plaintiff Luke Shane Ledford's Complaint [#1], and the Report and Recommendation (R&R) of the United States Magistrate Judge [#6], to which Ledford has not objected. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders ACCEPTING the Magistrate Judge's R&R and DISMISSING Ledford's claims.

All matters in this case were referred to United States Magistrate Judge Mark Lane for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Ledford is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections. 28 U.S.C. § 636(b)(1). All other review is for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

**Analysis**

Ledford filed his Complaint against Hays County Jail pursuant to 42 U.S.C. § 1983, claiming he was denied proper medical treatment for a tendon tear in his arm he suffered after falling in the shower. As the Magistrate Judge set forth, Ledford's claims are without merit. First, Hays County Jail is not a legal entity capable of being sued. *See Guidry v. Jefferson Cnty. Det. Ctr.*, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding the Jefferson County Detention Center is not a legal entity subject to suit). Second, even construing his claims as being brought against Hays County, a proper defendant, Ledford's claims fail because there is no supervisor liability under § 1983 and he has otherwise failed to state a claim upon which relief may be granted.

Improper medical treatment from a prison official may constitute a violation of the Eighth Amendment if the official acts with "deliberate indifference" to a prisoner's serious medical needs—an "extremely high standard to meet." *Domino v. Tex. Dept. of Criminal Justice*, 239 F.3d 752, 754–56 (5th Cir. 2001). However, as the Magistrate Judge's report explained in greater detail, Langford's Complaint does not suggest the conduct of any prison official rose to the level of deliberate indifference. *See* R&R [#6] at 3–4. Similarly, Ledford's complaint cannot be saved from dismissal by construing it against Hays County because Ledford fails to identify any policy that caused a violation of his constitutional rights—nor could he considering no such violation occurred. *See Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992) (requiring § 1983 Plaintiff suing a city to set forth facts showing his "constitutional rights were violated as a result of the [local governing body]'s official policy."). Ledford's claims against the Hays County Jail must fail.

**Conclusion**

The Court perceives no error, plain or otherwise, in the Magistrate Judge's report and recommendation and finds Ledford's claims must be dismissed with prejudice as frivolous.

Further, the Court warns Ledford that filing or pursuing any further frivolous lawsuits may result in: (a) the imposition of court costs pursuant to § 1915(f); (b) the imposition of significant monetary sanctions pursuant to Federal Rule of Civil Procedure 11; (c) the imposition of an order barring Ledford from filing any lawsuits in this Court without first obtaining permission from a District Judge of this Court, or a Circuit Judge of the Fifth Circuit; or (d) the entry of an order imposing some combination of these sanctions.

Ledford is finally warned if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions *in forma pauperis* unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Accordingly,

IT IS ORDERED that the Report and Recommendation of the United States Magistrate Judge [#6] is ACCEPTED;

IT IS FINALLY ORDERED that Plaintiff Luke Shane Ledford's claims are DISMISSED WITH PREJUDICE as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

SIGNED this the 3ʳᵈ day of December 2015.

_____
UNITED STATES DISTRICT JUDGE